UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CRIMINAL ACTION NO. 05-07-WOB
CIVIL ACTION 07-07-WOB

UNITED STATES OF AMERICA                                                                        PLAINTIFF

V.

LASHANDRA DUFFY                                                                                  DEFENDANT

### REPORT & RECOMMENDATION

On January 18, 2007, Defendant Lashandra Duffy (hereinafter "Defendant") filed a *pro se* motion to vacate her sentence pursuant to 28 U.S.C. § 2255. Thereafter, the court granted the motion of the United States for an order directing Defendant to file a more complete petition, supplementing her allegations, by March 22, 2007. Defendant Duffy failed to comply with the order of this court requiring her to supplement her petition.

On April 5, 2007, the court noted Defendant's non-compliance with the court's prior order but nonetheless directed the United States to file a supplemental response to the original petition. The court explained:

> Although the United States is not required to "comb the record" in search of errors in light of defendant's failure to file a supplemental petition, at this juncture it is appropriate to require the Untied States to file a more complete response - as best it is able - based upon the brief allegations contained in the original petition. At a minimum for example, the United States could respond to the defendant's allegation that counsel failed to evaluate the defendant's desire to enter a Plea Agreement, and/or to defendant's allegation that she never reviewed or received a copy of her PSR.

The United States filed its supplemental response on May 4, 2007. The underlying §2255 motion has been referred to the undersigned for initial consideration and for a report and

recommendation pursuant to 28 U.S.C. § 636(b).

### I. Procedural Background

On February 9, 2005, Defendant, Regina Barrow, and Phillip Ayers were charged with conspiring to knowingly and intentionally distribute and possess, and possessing, with intent to distribute, 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2. (Response of the United States, Doc. #153, p. 3). Ayers and Barrow ultimately pleaded guilty to the conspiracy count of the indictment. *Id.* Defendant pleaded not guilty and was convicted by a jury on both counts of the indictment.

Defendant was assigned an offense level of 26 under the Guidelines, and her past criminal history positioned her in Criminal History Category II. The Guidelines provided a sentencing range of 70 to 87 months of imprisonment. *Id.* Defendant objected, arguing that she was a minimal participant in the violation. On January 20, 2006, the court overruled Defendant's objections and sentenced her to 70 months of imprisonment for each count, to be served concurrently, and to be followed by a four-year term of supervised release. DE #134.

Defendant did not file a direct appeal, but instead filed this motion to vacate her sentence pursuant to 28 U.S.C. § 2255. Defendant alleges 1) that she received ineffective assistance of counsel and 2) that her sentence was unreasonable.

### II. Analysis

#### A. Standard of Review

A court will vacate and set aside a judgment under §2255 only upon finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. In order for Defendant to prevail on

the allegations in her § 2255 motion, she "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993)). Furthermore, in order to prevail, Defendant "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process**.**" *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). In this case, neither of Defendant's two claims provide her with grounds for relief under §2255.

### B.  Ineffective Assistance of Counsel Claim

Defendant's allegation of ineffective assistance of counsel has been appropriately raised as part of her § 2255 motion. The general rule is that a defendant "may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990) (citing *United States v. Hill*, 688 F.2d 18, 21 (6th Cir. 1982)). The Sixth Circuit has "routinely concluded that such claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on this issue." *United States v. Brown*, 332 F.3d 363, 369 (6th Cir. 2003) (quoting *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997)). However, in this case, the Defendant's allegations are so conclusory that relief will be denied without the necessity of an evidentiary hearing.

### 1.  Conclusory Allegations are Insufficient

Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that Defendant's motion must "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." In her motion, Defendant alleges that her counsel was ineffective due to "lack of communication, review of evidence, and preparation for trial." (Defendant's Motion to Vacate, Doc. # 146, p. 5). She further states that "counsel was ineffective for failing to evaluate the strength of the case and the defendant's wishes to enter a Plea Agreement." *Id.* Defendant additionally alleges that "counsel also failed to do a thorough mitigating investigation aimed at uncovering facts relevant to the Court's sentencing discretion" and that "there was no communication between counsel and defendant prior to sentencing." *Id.* Finally, she claims that she never saw her pre-sentencing investigation report, discussed it with counsel, or signed it. *Id.*

"A § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations." *Ramirez-Mendoza*, Nos. 3:02-cv-661, 3:98-cr-109, 2007 WL 1175039, at *3 (E.D. Tenn. Apr. 20, 2007) (citing *Ashley v. United States*, 17 Fed. Appx. 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962)). *See also Elzy v. United States*, 205 F.3d 882, 886 (conclusory statement in brief "wholly insufficient to raise the issue of ineffective assistance of counsel" and although defendant submitted his own affidavit and the affidavits of others, "he submitted nothing with regard to his attorney's failure to file a notice of appeal of his sentence"). Furthermore, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,

are deemed waived." *United States v. Winkle*, 477 F.3d 407, 421 (6th Cir. 2007) (quoting *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006)).

In her motion, Defendant utilizes general terms to claim that she was provided ineffective assistance of counsel "due to a lack of communication, review of evidence, and preparation for trial." (Defendant's Motion to Vacate, Doc. # 146, p. 5). However, she fails to state any specific facts supporting the ineffectiveness assistance of counsel claim as required by Rule 2 (e.g., specifying what effect additional communication with counsel and further trial preparation would have had on the outcome of the proceedings or what evidence should have been reviewed). Furthermore, Defendant claims, without providing supporting information, that counsel was ineffective for "failing to evaluate the strength of the case and the defendant's wishes to enter a Plea Agreement." *Id.* Similarly, the Defendant contends that counsel "failed to do a thorough mitigation investigation aimed at uncovering facts relevant to the Court's sentencing discretion" and that she did not review her presentence report with counsel prior to sentencing. *Id.*

Because the Defendant has pleaded these issues only in a "perfunctory manner," because a district court is "not required to hold an evidentiary hearing based on conclusory allegations," and because Defendant does not allege any facts to support her claim, the ineffective assistance of counsel allegation is insufficient to entitle her to relief under § 2255. *See United States v. Winkle*, 477 F.3d at 421; *Ramirez-Mendoza*, *supra* at *3.

**2. Ineffective Assistance of Counsel Claim is without Merit**

Aside from being wholly conclusory, Defendant's ineffective assistance claim as presented is without merit. In order to prove ineffective assistance of counsel, Defendant must

satisfy the two-part *Strickland* test. First, the Defendant "must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the Defendant "must show that the deficient performance prejudiced the defense," such that "counsel's errors were so serious as to deprive the defendant of a fair trial..." *Id.*

The Defendant claims in her § 2255 motion that counsel was ineffective "for failing to evaluate...the defendant's wishes to enter a Plea Agreement." (Defendant's Motion to Vacate, Doc. # 146, p. 5). However, Defendant's counsel communicated the offer of a plea agreement to her, but she declined to accept it.[1] Therefore, that portion of the ineffective assistance of counsel claim is contradicted by the record.

Defendant also asserts that she did not see her PSR or discuss it with her attorney. Again, the record flatly contradicts Defendant's unsupported allegations, and reflects that Ms. Duffy saw both her pretrial services report and her presentencing report.

Prior to her trial at a detention hearing on February 11, 2005, Ms. Duffy stated in open court that she had read her pretrial services report:

> THE COURT: Ms. Duffy, ma'am, have you looked – have you read your pretrial services report?
>
> MS. DUFFY: Yes.
>
> THE COURT: Are you looking at it now for the first time?

---

[1] Although the United States failed to file an affidavit from Defendant's counsel as part of its response, the government did attach a letter from Defendant's counsel to Robert McBride, Assistant United States Attorney. The letter from counsel states that "[s]ince that time I have spoken with Ms. Duffy and she no longer wishes to withdraw her previously entered plea of not guilty."

>MS. DUFFY: Yes.
>
>THE COURT: Well, I want you to read that over and make sure you understand everything that's in there and you agree with the contents of it.

DE #144, TR at 3.  After clarifying that she was permitted to travel to Cincinnati, Defendant assured the court that she understood all terms and conditions of that report.

After trial, at sentencing on January 20, 2006, the district judge inquired of counsel:

>THE COURT: Have you reviewed the Presentence Report with your client, sir?
>
>MR. BENNETT (DEFENDANT'S COUNSEL): Yes, Your Honor.

In Defendant's presence, her attorney raised two objections to the PSR, including the failure to factor in what counsel argued was Defendant's "insignificant role in the offense," and Defendant's "compliance with the pretrial conditions."  DE #151, TR at 2-3.  The court also provided Defendant an opportunity to speak directly to the court, which she declined.  *Id.* at 5.  As Defendant offers no factual support for her broad and conclusory claims that she was not aware of the contents of the PSR, the Defendant is unable to prove her attorney's deficient performance or that her defense was prejudiced.

### C. Reasonableness of Sentence

In her § 2255 motion, Defendant "challenges the 'reasonableness' of the sentence rendered against her in this case." (Defendant's Motion to Vacate, Doc. # 146, p. 6). .

### 1. Defendant has Waived the Right to Present this Claim under § 2255 by Failing to Raise it on Direct Appeal

"Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)). Because of society's interest in judgment finality, "only the most serious

defects in the trial process will merit relief outside of the normal appellate system." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Furthermore, when a defendant procedurally defaults a claim by failing to raise it on direct appeal, "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622. See also *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998).

Defendant did not raise her allegations regarding the reasonableness of her sentence on direct appeal and therefore has procedurally defaulted this claim. "Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). In addition, although "challenges that cannot otherwise be reviewed for the first time in a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance" *id.*, the Defendant does not attempt to bundle the alleged sentencing error into her ineffective assistance of counsel claim. Because the Defendant has failed to demonstrate a serious defect in the trial process, or cause and actual prejudice, or that she is innocent, she has waived her right to raise the sentencing issue for the first time in this § 2255 proceeding.

### 2. Unreasonable Sentence Claim is without Merit

Even though this court need not reach Defendant's claim of unreasonable sentence on the merits in light of her failure to present the issue on direct appeal, it is worth noting that the claim is wholly meritless. "[A] district court's mandate is to impose a 'sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2). Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task."

*United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006) (citing *United States v. Foreman*, 436 F.3d 638, 644 n. 1 (6th Cir. 2006) (emphasis in original)). Furthermore, "a sentence within the guidelines is presumptively reasonable." *Collington*, 461 F.3d at 808 (citing *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)).

The Defendant was assigned an offense level of 26 under the Guidelines. (Response of the United States, Doc. #153, p. 3). Her past criminal history placed her in a Criminal History Category of II. The resulting Guidelines range provided for a 70 to 87 month sentence of imprisonment. *Id.* The Defendant does not allege that "the district judge fail[ed] to consider the applicable guidelines range or neglect[ed] to consider the other factors listed in 18 U.S.C. § 3553(a)," resulting in procedural unreasonableness. *Collington*, 461 F.3d at 808. In addition, the Defendant does not allege that the district judge "select[ed] the sentence arbitrarily, base[d] the sentence on impermissible factors, fail[ed] to consider pertinent § 3553(a) factors or [gave] an unreasonable amount of weight to any pertinent factor," resulting in substantive unreasonableness. *Id.*

The Defendant was sentenced to 70 months of imprisonment for each count, to be served concurrently. Therefore, her sentence was at the low end but still within the Guidelines range. The sentencing judge expressly considered the impact of *Booker*. DE #151, TR at 5. A sentence within the Guidelines range is presumptively reasonable; Defendant alleges nothing to overcome this presumption.

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** the Defendant's motion to vacate, set aside, or correct her sentence (DE #146) be **DENIED**, and that this case be

dismissed from the active docket.

**OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. See *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within ten (10) days after being served with a copy. Fed. R. Civ. P. 72(b).

This is the 26th day of June, 2007.



Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge